IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAVID S. WHITESIDE, | ) | CASE NO. 4:07CV3030 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| NEBRASKA STATE HEALTH AND HUMAN SERVICES, and COUNTY OF NEMAHA, NEBRASKA, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the Defendant Nebraska State Health and Human Services' Motion to Dismiss (Filing No. 7), the Defendant County of Nemaha's Motion to Dismiss (Filing No. 10), the Plaintiff David Whiteside's Motion for Hearing (Filing No.13), the Plaintiff's Motion to Strike the Motion to Dismiss (Filing No. 14), and the Plaintiff's Motion to Strike the State of Nebraska's Brief (Filing No. 15).

## FACTUAL BACKGROUND

The Plaintiff is an obligor for child support purposes, and has been ordered by a state court to pay a sum of child support to cover past arrearage. In his complaint, the Plaintiff alleges that Nemaha County is collecting from him an incorrect amount of child support. Furthermore, the Plaintiff claims that the State of Nebraska has violated his Constitutional rights as it has the responsibility for maintaining correct and updated records and ensuring that the correct amount of child support is collected.

## DISCUSSION

Plaintiff claims that the Defendants' alleged errors in collecting child support have amounted to a violation of the Plaintiff's civil rights under 42 U.S.C. § 1983. The

Defendants have filed separate Motions to Dismiss, arguing that the Plaintiff has failed to state a claim for which relief can be granted.

Plaintiff is precluded from raising his claims in the federal courts by the "domestic relations doctrine" articulated in *Ankenbrandt v. Richards*, 504 U.S. 689 (1992).  In *Ankenbrandt*, the United States Supreme Court recognized a "domestic relations exception" to the jurisdiction of the federal courts in light of long-held understandings and policy considerations.  504 U.S. at 694-695.  "The [domestic relations] limitation is one on subject matter jurisdiction, and is therefore not waivable by the parties." *Dunn v. Cometa*, 238 F.3d 38, 41 (1st Cir. 2001).  In *Elk Grove Unified School Dist. v. Newdow*, 542 U.S. 1, 12-13 (2004), the Supreme Court explained that:

> One of the principal areas in which this Court has customarily declined to intervene is the realm of domestic relations.  Long ago we observed that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *In re Burrus*, 136 U.S. 586, 593-594 (1890). See also *Mansell v. Mansell*, 490 U.S. 581, 587 (1989) ("[D]omestic relations are preeminently matters of state law"); *Moore v. Sims*, 442 U.S. 415, 435 (1979) ("Family relations are a traditional area of state concern").  So strong is our deference to state law in this area that we have recognized a "domestic relations exception" that "divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992).  We have also acknowledged that it might be appropriate for the federal courts to decline to hear a case involving "elements of the domestic relationship," *id.*, at 705, even when divorce, alimony, or child custody is not strictly at issue . . .

Here, the totality of the Plaintiff's claims involve a dispute over the collection of child support payments.  Therefore, Plaintiff is barred from raising his claims in federal court by the domestic relations doctrine.

Furthermore, in his complaint, the Plaintiff acknowledges that he has brought and lost state court actions involving the claims in his complaint. Therefore, resolution by this court of the Plaintiff's claims is also barred by the *Rooker-Feldman* doctrine. *See Lemonds v. St. Louis County*, 222 F.3d 488, 492-95 (8th Cir. 2000) (*Rooker-Feldman* doctrine forecloses indirect attempts to undermine state court decisions; federal constitutional claim is "inextricably intertwined" with state court judgment if federal claim succeeds only to extent state court wrongly decided issue before it).

Accordingly, for the foregoing reasons, this case must be dismissed for failure to state a claim on which relief may be granted against the Defendants under the Constitution and laws of the United States. The Plaintiff may be able to bring an action against the Defendants in a state court under state law, but he has not stated a claim on which relief may be granted under federal law in a federal court.

IT IS ORDERED:

1. That the Nebraska State Health and Human Services' Motion to Dismiss (Filing No. 7) is granted;

2. That the County of Nemaha's Motion to Dismiss (Filing No. 10) is granted;

3. That the Plaintiff's Motion for Hearing (Filing No. 13) is denied as moot;

4. That the Plaintiff's Motion to Strike (Filing No. 14) is denied;

5. That the Plaintiff's Motion to Strike Brief (Filing No. 15) is denied; and

6. The Clerk of Court is directed to send a copy of this Memorandum and Order to the Plaintiff at his last known address.

DATED this 19th day of July, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge